UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD WISE,

        Plaintiff,                                Hon. Janet T. Neff

v.                                                    Case No. 1:12-CV-662

TIMOTHY KIPP, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on <u>Defendants Kipp and Thomsen's Motion for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies</u>. (Dkt. #20). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this matter **dismissed without prejudice**.

## BACKGROUND

        Plaintiff initiated this matter on June 22, 2012, against Deputy Warden Timothy Kipp and Captain Terry Thomsen. (Dkt. #1). The following allegations are contained in Plaintiff's complaint. On March 30, 2011, Plaintiff "wrote to" Defendants Kipp and Thomsen to report that he was "being threatened by" prisoner John Talton. Plaintiff requested that he be moved to "another floor or a different [cell] block." Defendants refused Plaintiff's request. On April 7, 2011, as prisoners were exiting the building for yard time, Talton attacked Plaintiff seriously injuring Plaintiff's right knee. Plaintiff alleges that Defendants' refusal to move him to another floor or cell block violated his Eighth Amendment right

to be free from cruel and unusual punishment.  Defendants Kipp and Thomsen now move for summary judgment on the ground that Plaintiff failed to properly exhaust his administrative remedies.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324).  While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir.

2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 548 U.S. at 88. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 548 U.S. at 92. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is

made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

In support of their motion, Defendants have submitted evidence that between February 16, 2010, and April 11, 2012, Plaintiff pursued four grievances through Step III of the prison grievance procedure. (Dkt. #21, Exhibit 1). This evidence reveals that Plaintiff has failed to properly exhaust the claims presently before the Court. Specifically, this evidence reveals that while Plaintiff did pursue a grievance regarding the claims in question he did not do so until more than one year after the events in question. (Dkt. #21, Exhibit 1).

A. Grievance RMI 10-02-0274-03b

Plaintiff initiated this grievance on February 12, 2010, alleging that unidentified prisoners were "sexually harassing" him. Plaintiff further alleged that unnamed prison officials had denied his request to be moved to a different cell block. As this grievance was initiated more than one year *before* the events giving rise to this action, such cannot serve to exhaust any of the claims presently at issue.

B.      Grievance RMI 11-09-1049-08g

Plaintiff submitted this grievance on August 12, 2011, to request that his single cell designation be removed.[1] Plaintiff's request was denied. This grievance does not concern the events giving rise to the present action and, therefore, cannot serve to exhaust any of the claims presently before the Court.

C.      Grievance RMI 11-10-1199-03b

Plaintiff initiated this grievance to protest his transfer, on October 5, 2011, from one cell to another. This grievance concerns events which occurred more than six months *after* the events giving rise to Plaintiff's claims. Again, because this grievance does not concern the events giving rise to the present action, such cannot serve to exhaust any of the claims presently before the Court.

D.      Grievance RMI 12-04-0522-28e

Plaintiff initiated this grievance on April 10, 2012, to complain about the failure by Defendants Thomsen and Kipp to move him to another cell prior to being assaulted by prisoner Talton on April 7, 2011. Plaintiff's grievance, filed more than one year after the events in question, was rejected as "untimely." In rejecting Plaintiff's grievance, prison officials further noted that Plaintiff had "provided no reasonable circumstance beyond your control that would have prevented you from filing this grievance in a timely fashion." Plaintiff pursued the matter to Step II of the grievance process. Plaintiff conceded that his grievance was untimely, but asserted that the reason for such was that he "just

---

[1] Pursuant to Michigan Department of Corrections regulations, a prisoner convicted of "prohibited sexual conduct involving prisoners" may be restricted to "single-cell housing." Mich. Dep't of Corr. Policy Directive (03.03.140).

learned that [he] had to file a grievance before filing suit." Plaintiff's grievance was rejected at Step II as untimely. Plaintiff pursued the matter to Step III of the grievance process where the dismissal of his grievance as untimely was upheld.

As previously noted, to properly exhaust the claims in question, Plaintiff must comply with the MDOC's "deadlines and other critical procedural rules." Plaintiff's grievance, filed more than one year after the events in question, was properly rejected as untimely. Moreover, there is nothing in the record to suggest that the rejection of Plaintiff's grievance on this basis was unfair or unjust. As discussed above, Plaintiff had previously filed several timely grievances thereby demonstrating that he understood the requirement and importance of filing grievances in a timely fashion. Likewise, there is nothing in the record to suggest that Plaintiff was unable to timely file the grievance in question.

In his response to the present motion, Plaintiff concedes that this particular grievance was untimely. Plaintiff nevertheless argues that Defendants' motion should be denied for two reasons. First, Plaintiff argues that claims brought pursuant to 42 U.S.C. § 1983 are not subject to the mandatory exhaustion requirement articulated in the Prison Litigation Reform Act. This argument is without merit. *See Porter v. Nussle*, 534 U.S. 516, 523-32 (2002). Plaintiff next argues that he was not required to exhaust the claims in question because he is seeking monetary damages in this Court, relief which was not available through the prison grievance process. This argument is equally without merit. *See Booth v. Churner*, 532 U.S. 731, 733-40 (2001). Accordingly, this grievance fails to properly exhaust the claims presently before the Court.

In sum, Defendants have satisfied their burden to demonstrate that Plaintiff failed to properly exhaust the claims presently before the Court. Plaintiff has failed to submit any evidence creating a genuine issue of material fact on the issue whether he properly exhausted his administrative

grievances with respect to the claims advanced in this matter. Accordingly, the undersigned recommends that Defendants' motion be granted and this matter be dismissed without prejudice.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants Kipp and Thomsen's Motion for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies</u>, (dkt. #20), be **granted** and this matter **dismissed without prejudice**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 5, 2013
/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge