UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD WISE,

    Plaintiff,                                          Case No. 1:12-cv-662

v                                                  HON. JANET T. NEFF

TIMOTHY KIPP, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies (Dkt 20). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendants' motion (Dkt 25). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 28). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff raises three objections. First, Plaintiff argues that he did not know about the time limits to file his grievance and, even if he did, no action would have been taken in response (Dkt 28). This objection is without merit. Notably, Defendant does not deny that his objection was untimely, rather, he simply states that he did not know about the time limitation. The Magistrate Judge correctly noted that "Plaintiff had previously filed several timely grievances thereby demonstrating

that he understood the requirement and importance of filing grievances in a timely fashion" (Dkt 25 at 8). Moreover, even if Defendant did not know of the time limitation, it does not change the result. *See Napier v. Laurel Cnty, Ky*, 636 F.3d 218, 221n.2 (6th Cir. 2011) ("A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy."). Accordingly, this objection is denied.

Second, Plaintiff reiterates that section 1983 claims do not require exhaustion only the PLRA does (Dkt 28). The Magistrate Judge properly noted that this argument is without merit. (R & R, Dkt 25 at 8) (citing *Porter v. Nussle*, 534 U.S. 516, 523-32 (2002)). Accordingly, this objection is denied.

Finally, Plaintiff notes that "[t]he PLRA does not require dismissal of the whole complaint when a prisoner has failed to exhaust some, but not all of the claims included in the complaint. Special circumstances should excuse Plaintiffs [sic] failure to properly exhaust available remedies" (Dkt 28). Plaintiff does not indicate what, if any claims in his complaint have been exhausted. Moreover, Plaintiff does not point to any special circumstances sufficient to excuse his failure to properly exhaust his claims. The facts in the case cited by Plaintiff to justify excusing his failure to exhaust because of special circumstances are wholly different than the facts that Plaintiff alleges here. *See Dillon v. Rogers*, 596 F.3d 261 (5th Cir. 2010). Because Plaintiff has not established any special circumstances or exhausted claims, this objection is also denied. The Magistrate Judge properly concluded that "Plaintiff has failed to submit any evidence creating a genuine issue of material fact on the issue whether he properly exhausted his administrative grievances with respect to the claims advanced in this matter" (Dkt 25 at 8-9).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 28) are DENIED and the Report and Recommendation (Dkt 25) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 20) is GRANTED, and this matter is DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: June 20, 2013               /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge